UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04118-BFM **Date:** August 3, 2026

**Title:** *Artur Ishkhanyan v. Pam Bondi et al.*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Denying Petition (ECF 1)**

Petitioner Artur Ishkhanyan filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 22, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **denied**.

## I. Factual Background

Petitioner Artur Ishkhanyan alleges the following facts: Petitioner is a noncitizen who is currently detained at the Desert View Facility, within the Central District of California. (ECF 1 ("Pet.") ¶¶ 29, 36-37.) He resided in the United States for decades and became a lawful permanent resident as a child. (Pet. ¶¶ 36-37.) He has two adult United States citizen children. (Pet. ¶¶ 39, 41, 88-91.)

In 2001 or 2002, immigration authorities detained Petitioner in Philadelphia for approximately one week. (Pet. ¶¶ 44-45.) He was granted bond and was released. (Pet. ¶¶ 47-48.) Following his release, Petitioner retained immigration counsel; he apprised his counsel of his new address when he moved but never received notice or other correspondence from his counsel regarding his immigration proceedings. (Pet. ¶¶ 50-54.) He also alleges that he did not receive any notices from the immigration court. (Pet. ¶ 55.) He was

ordered removed in absentia in March 2003. (ECF 8-2 (Order of Removal).) Petitioner claims he is currently trying to reopen his removal proceedings. (Pet. ¶ 41.)

In 2006, Petitioner was arrested in connection with a criminal investigation conducted by the Drug Enforcement Administration. (Pet. ¶ 57.) He was on bond in that case for approximately two years, before reporting to serve his sentence in 2008. (Pet. ¶¶ 58-59, 68.) Petitioner ultimately served approximately 18 years in federal custody. (Pet. ¶ 69.)

Petitioner completed his criminal sentence on June 18, 2026. (Pet. ¶ 76.) Instead of being released from BOP custody, he was transferred directly to Adelanto. (Pet. ¶¶ 77-78.) He alleges that he was not provided advance notice of the transfer or an opportunity to challenge that decision. (Pet. ¶¶ 79-81.)

Petitioner filed this Petition on July 22, 2026, arguing that his immigration detention violates due process and that he should be immediately released. (Pet. ¶¶ 124-230, and at 44.) Respondents filed their Answer (ECF 8) and Petitioner filed a reply (ECF 9-10). The Petition is fully briefed and ready for decision.

## II. Analysis

Petitioner argues that his detention without pre-deprivation process violates due process and he asks for release. (Pet. ¶¶ 124-230.) But Petitioner has a final order of removal. As such, he is detained pursuant to § 1231(a), the statutory provision that applies to those who have an administratively final removal order. Section 1231(a) requires that the Attorney General physically remove an individual ordered removed within 90 days. 8 U.S.C. § 1231(a)(1). That 90-day period began to run, in this case, when Petitioner was released from criminal custody. *See* 8 U.S.C. § 1231(a)(1)(B) (stating that the removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04118-BFM **Date:** August 3, 2026

**Title:** *Artur Ishkhanyan v. Pam Bondi et al.*

==============================================================

period begins on the latest of several triggering acts, including "[i]f the [non-citizen] is detained or confined (except under an immigration process), the date the [non-citizen] is released from detention or confinement").) The statute further requires that the individual remain detained during the 90-day removal period. 8 U.S.C. § 1231(a)(2); *see also Zadvydas v. Davis*, 533 U.S. 678, 698 (2001) (the statute "mandates" detention during the 90-day removal period). Petitioner was transferred into immigration detention on June 18, 2026, just over a month ago. He is thus properly detained under the statute.

It follows that Petitioner's procedural due process argument is unavailing—no additional process would change the fact that Petitioner is subject to mandatory detention. The fact that he is seeking to reopen his immigration proceedings does not alter the fact that Petitioner is currently subject to mandatory detention. 8 C.F.R. § 241.4(b)(1) (a noncitizen "shall remain subject to the provisions of this section [241.4, concerning detention after the removal period] unless the motion to reopen is granted").

Petitioner's substantive due process claim (Pet. ¶¶ 231-250) likewise fails. Noncitizens subject to civil immigration detention—just like people detained civilly and individuals accused but not convicted of a crime—"cannot be subjected to conditions that 'amount to punishment.'" *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Civil detention may be deemed punitive "where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 934. Here, however, Petitioner has been detained only a brief time—far less than the presumptively reasonable period recognized in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)—and his detention is not excessive to its purpose, which is to effectuate his removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04118-BFM **Date:** August 3, 2026

**Title:** *Artur Ishkhanyan v. Pam Bondi et al.*

==============================================================

The Petition cites several cases without providing citations. (Pet. at 27-28, 30, 41-42.) Case names without citations are essentially useless—and more to the point, they violate the Central District of California's local rules. *See* Local Rule 11-3.9.3. In any event, from the descriptions provided by counsel and from the orders attached to the Petition, those cases involve individuals detained *pre*-removal order, where a different statutory scheme applies, or in the context of individuals released on OSUP, which is likewise subject to a different set of regulations. Those cases have no application here, and in any event, are not controlling authority.

## III. Conclusion

Accordingly, the Petition is denied, without prejudice to the claims being renewed should Petitioner's detention become prolonged. Judgment shall be entered accordingly.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch